# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **VDPP, LLC,** | |
| *Plaintiff*, | **Civil Action No. 1:26-cv-00903-MHC** |
| **v.** | |
| **INTUITIVE SURGICAL, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO ANSWER OR RESPOND TO COMPLAINT

Pursuant to Fed. R. Civ. P. 6(b)(1) and Section II.a of this Court's Standing Order Regarding Civil Litigation (*see* Dkt. No. 5, at 8-9), Defendant Intuitive Surgical, Inc. ("Defendant") respectfully requests that the Court extend its deadline to answer or respond to Plaintiff VDPP, LLC's ("Plaintiff") Complaint. The Complaint was filed on February 16, 2026 (Dkt. No. 1) and served on Defendant on March 6, 2026. Accordingly, Defendant's response is presently due March 27, 2026. *See* Fed. R. Civ. P. 12(a)(1). For the reasons set forth below, Defendant asks the Court to extend this deadline by 60 days, to May 26, 2026. The parties have conferred, and Plaintiff does not object to the requested relief.

There is good cause to grant the requested relief.

*First*, Defendant is diligently working to assess the allegations and its defenses; however, additional time is needed for the following reasons. Defendant has only recently retained counsel, who now need sufficient time to investigate the allegations contained in the Complaint and prepare to defend against Plaintiff's claims. Specifically, Defendant and its counsel require additional time to investigate the accused products, collect and review relevant documents from multiple custodians, confer with key personnel and potential witnesses, and evaluate its response and defenses. An extension will promote efficiency and ensure the issues are properly framed for the Court. Given the early stage of the case, no scheduling order has been entered and no additional deadlines have yet been set, and therefore, this extension will not affect the Court's current schedule in this matter.

*Second*, it is uncertain whether this case will proceed in light of recent events relating to Plaintiff's national counsel William P. Ramey III. This Court returned Mr. Ramey's application for admission *pro hac vice* on March 4, 2026, on the grounds that Plaintiff's local counsel did not maintain an office within this district. Dkt. No. 6. To date, Mr. Ramey has not identified any local counsel who is a member in good standing of the bar of this Court and the State Bar of Georgia, and who maintains an office in this district, to file and sponsor Mr. Ramey's application for admission *pro hac vice*, as required by the Local Rules. *See* N.D. Ga. Local Rule 83.1(B)(4).

Moreover, numerous other courts have refused to admit Mr. Ramey due to findings such as "multiple falsehoods" and "lack of candor" in his applications for admission. *See, e.g.*, *VDPP, LLC v. Olympus Am., Inc.*, No. 25-cv-9243 (JMF), Dkt. 30, at 2 (S.D.N.Y. Mar. 11, 2026) (noting that Mr. Ramey's *pro hac vice* applications contained "multiple falsehoods" and denying his admission because Mr. Ramey's "inconsistency and lack of candor, not to mention his history of similar behavior before other courts, [gave] the Court little confidence that future filings from him [would] be more forthcoming"); *VDPP, LLC v. Janam Techs., LLC*, Case No. 2:25-cv-05391-SJB-AYS (E.D.N.Y. Jan. 5, 2026) (denying Mr. Ramey's *pro hac vice* application "for failure to be forthcoming with the court"); *Coop. Ent., Inc. v Alibaba Cloud US LLC*, No. 25-CV-01842-LJC, 2025 WL 1343592, at *3 (N.D. Cal. May 8, 2025) (referring Mr. Ramey to the "Court's Standing Committee on Professional Conduct to determine appropriate sanctions for his false statements in *pro hac vice* applications").

District Court Judge Alan D. Albright in the Western District of Texas has also issued an order (now under appeal) requiring Mr. Ramey to seek permission prior to filing additional lawsuits in that jurisdiction due to his practice "of filing a patent case, offering a nuisance settlement, and eventually voluntarily dismissing the case when the burden shifts back to his client." *MCOM IP, LLC v. Cisco Sys., Inc.*, No. 6:22-cv-00261-ADA, Dkt. 78 (W.D. Tex. Dec. 18, 2025) (noting that "[i]n the last

five years, district courts in California, Texas, and New York sanctioned Mr. Ramey and his associates under [35 U.S.C.] § 285 at least nine times" and sanctioning Mr. Ramey on the grounds that his conduct "multiplied the proceedings vexatiously and show[ed] a reckless disregard for his duty to this Court"). Indeed, just last week, Mr. Ramey was again sanctioned and ordered to pay attorneys' fees under § 285 in connection with an action filed and subsequently withdrawn by Mr. Ramey, on behalf of Koji IP, LLC, in 2024, with the Court ordering Mr. Ramey to show cause for "why he should not be [further] sanctioned for the failure to file the required certification under oath" that he had complied with the requirement to self-report the sanctions and fee order in his *pro hac vice* application in another case pending in that district. *Koji IP, LLC v. Renesas Elecs. Am., Inc.*, No. 24-cv-03089-PHK, 2026 WL 788358, at *9 (N.D. Cal. Mar. 20, 2026).

It is therefore unclear whether Mr. Ramey will be admitted in this case and whether this case will proceed absent Mr. Ramey's admission.

For the reasons set forth above, Defendant respectfully requests that the Court extend its deadline to respond to Plaintiff's Complaint to May 26, 2026. A proposed order is submitted herewith.

4

Dated: March 25, 2026

Respectfully Submitted,

*/s/ John T. Cox III*
John T. Cox III
Georgia Bar No. 192530
**GIBSON, DUNN & CRUTCHER LLP**
2001 Ross Avenue
Suite 2100
Dallas, TX 75201-2923
Telephone: (214) 698-3100
tcox@gibsondunn.com

Brian Rosenthal
(*Pro Hac Vice* forthcoming)
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue,
New York, NY 10166-0193
Telephone: (212) 351-4000
brosenthal@gibsondunn.com

*Attorneys for Defendant Intuitive Surgical, Inc.*

## LOCAL RULE 7.1(D) CERTIFICATION

Counsel hereby certifies that the foregoing was prepared in Times New Roman, 14-point font, in accordance with Northern District of Georgia Civil Local Rules LR 5.1(C) and LR 7.1(D).

*/s/ John T. Cox III*
John T. Cox III

## CERTIFICATE OF SERVICE

Counsel hereby certifies that the foregoing has been served via the Court's CMF/ECF system on counsel of record this 25th day of March 2026.

*/s/ John T. Cox III*
John T. Cox III
