IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VDPP, LLC,
　　　　　Plaintiff,

v.

INTUITIVE SURGICAL, INC.,
　　　　　Defendant.

Civil Action No. 1:26-cv-00903-MHC

JURY TRIAL DEMANDED

**PLAINTIFF VDPP, LLC'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED
COMPLAINT**

## I.  INTRODUCTION

Intuitive's motion is a damages motion wearing the costume of a Rule 12(b)(6) motion. Stripped of eleven pages of material about VDPP's counsel, the motion makes one legal argument as to the '444 Patent: that 35 U.S.C. § 287(a) caps VDPP's recovery at zero. That argument fails at the threshold, and it fails on authority Intuitive itself put before the Court.

Intuitive cites *Arctic Cat Inc. v. Bombardier Recreational Products Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020), for the proposition that a patentee who fails to mark recovers nothing absent notice. Mot. 16. Here is what the Federal Circuit actually said on that page:

> The notice provisions of § 287 do not apply to patents directed to processes or methods. See Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co., 297 U.S. 387, 395 (1936). Nor do they apply when a patentee never makes or sells a patented article. Id. at 398. Thus, a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer.

Both halves of that passage defeat this motion. The '874 Patent claims only methods, so § 287(a) has no application to it at all, a point Intuitive concedes in a footnote. Mot. 20 n.8. And the First Amended Complaint alleges that VDPP is a non-practicing entity with no products to mark. FAC ¶ 33. On a motion to dismiss that allegation is taken as true. Taken as true, it places VDPP squarely within *Wine Railway* and entitles VDPP to damages for the full period the patents were in force without any notice to Intuitive.

Intuitive's answer is that VDPP's prior settlement agreements created a licensee marking obligation. That theory requires a *patented article*, an actual product, made or sold, that actually practices an actual claim of the '444 Patent. Intuitive was required to identify one. It identified none. It names three companies and attaches a stay order, a notice of dismissal, and another stay order. It does not name a product. It does not identify which claim any product supposedly practices. It does not say when any such product was sold. Under *Arctic Cat*, that failure is dispositive: the burden never shifted to VDPP because Intuitive never carried the burden that shifts it.

2

Nor are the settlement agreements before the Court. Not one is attached. Whether an agreement authorized anyone to make a patented article "for or under" the '444 Patent is a question of contract construction that cannot be answered from a document nobody has produced. That distinguishes this case from the *Volkswagen* litigation on which Intuitive stakes its motion, where the agreements were in the record and one of them addressed marking expressly. Here there is nothing to construe.

What Intuitive offers in place of a record is atmosphere: a recitation of other courts' rulings against VDPP's counsel, a tally of cases filed, and four pages about a pro hac vice application. None of it bears on whether the FAC states a claim. Intuitive also asks this Court to treat as settled law a question the Federal Circuit currently has under submission, and to do so on the strength of questions asked from the bench at an oral argument that has produced no decision. Questions are not holdings.

The motion should be denied. If the Court concludes that any allegation requires amplification, the remedy is leave to amend, not dismissal with prejudice of claims Intuitive concedes were timely filed against a product that indisputably existed while the patents were in force.

## II.  THE STANDARD GOVERNING THIS MOTION

On a Rule 12(b)(6) motion the Court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question is whether the pleading states a claim, not whether the plaintiff will ultimately prove damages in any particular amount.

That distinction controls here, because § 287(a) is not an element of infringement. Infringement is defined by § 271. Section 287(a) appears in a different chapter of the Patent Act and operates only on the remedy: "[i]n the event of failure so to mark, no damages shall be recovered ... except on proof that the infringer was notified." 35 U.S.C. § 287(a). Compliance with § 287(a) is a question of fact. *Funai Elec. Co. v. Daewoo Elecs. Corp.*, 616 F.3d 1357, 1373 (Fed. Cir. 2010) (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996)). A fact question about the scope of available damages is not a basis for dismissing a claim on the pleadings.

The procedural posture of the authorities Intuitive relies on proves the point. *Amsted* reached the "for or under" question on a JMOL motion after a jury trial, on a record establishing that the patentee had sold components to customers together with drawings instructing them how to assemble the patented combination. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 185, 187–88 (Fed. Cir. 1994).

4

*Arctic Cat* came up after trial and then on summary judgment, with the license agreement in evidence. *Arctic Cat*, 950 F.3d at 862–63. *Funai* was tried to a jury on instructions about marking. 616 F.3d at 1373–74. *Fortinet, Inc. v. Sophos, Inc.* resolved the question on summary judgment and only after weighing competing expert reports claim by claim. No. 13-cv-05831, 2015 WL 5971585, at \*4–\*6 (N.D. Cal. 2015). Intuitive asks this Court to do on the pleadings what the Federal Circuit has done only on developed records.

## III.  ARGUMENT

### A.    Section 287(a) Does Not Reach a Patentee With No Articles To Mark, and the FAC Alleges That VDPP Has None.

Ninety years ago the Supreme Court held that the marking statute does not burden a patentee who produces nothing. In *Wine Railway*, neither the patentee "nor another with its consent ha[d] ever manufactured or vended an article under the infringed patent," and no actual notice had been given before the counterclaim. *Wine Ry. Appliance Co. v. Enter. Ry. Equip. Co.*, 297 U.S. 387, 393–94, 56 S. Ct. 528, 529, 80 L. Ed. 736 (1936). The infringer argued that the patentee's failure to mark limited recovery to post-notice damages. The Court rejected that reading and allowed recovery for the earlier period. *Id.* at 398.

5

The reasoning is short and it is decisive. "Penalty for failure implies opportunity to perform." *Id.* at 395. Constructive notice "can only be given in connection with some fabricated article," so reading the statute to require it of a patentee with no articles "would seem to impose on such persons a duty to the public impossible of performance." *Id.* The Court declined to read the 1870 revision as imposing "a new and different burden upon non-producing patentees," finding "nothing adequate to support the notion that such patentees were deprived of the right theretofore existing to claim damages from an infringer unless and until he could be run down and served with actual notice." *Id.* at 397. The statute, so construed, "requires nothing unreasonable of patentees." *Id.* at 398.

The Federal Circuit applies *Wine Railway* as controlling. "The recovery of damages is not limited where there is no failure to mark, i.e., ... where there are no products to mark." *Funai*, 616 F.3d at 1373 (quoting *Texas Digital Sys., Inc. v. Telegenix, Inc.*, 308 F.3d 1193, 1220 (Fed. Cir. 2002)). And as set out above, *Arctic Cat* states the rule in terms Intuitive cannot distinguish: "a patentee who never makes or sells a patented article may recover damages even absent notice to an alleged infringer." 950 F.3d at 864.

Intuitive's reliance on *Dunlap v. Schofield*, the source of the rule that the patentee bears the duty of alleging marking or notice, illustrates the same limitation. *Dunlap*'s holding is expressly conditional: "the patentee or his assignee, *if he makes*

6

*or sells the article patented*, cannot recover damages against infringers of the patent, unless he has given notice." 152 U.S. 244, 247 (1894) (emphasis added). The pleading burden the Court announced was applied to a patentee that had "manufactured and sold goods with the patented design upon them." *Id.* at 248. *Wine Railway* described its own holding as "in harmony with the language of *Dunlap*." 297 U.S. at 398.

The FAC pleads the *Wine Railway* predicate directly: "VDPP is a non-practicing entity, with no products to mark." FAC ¶ 33. Intuitive does not contend otherwise. Its entire theory depends on the conduct of third parties, addressed next.

One clarification is warranted. Paragraph 34 of the FAC states that VDPP "will limit its claims of infringement to method claims and thereby remove any requirement for marking." Intuitive is correct that the '444 Patent contains no method claims. Mot. 19. That sentence addresses the '874 Patent, and VDPP does not rely on it as to the '444 Patent. It has no bearing on the dispositive points above.

**B.**     **Intuitive Never Carried Its Threshold Burden To Identify an Unmarked Patented Article.**

Where a patentee does not itself make or sell, an accused infringer seeking to invoke § 287(a) must first come forward with something concrete. "[O]nce an alleged infringer identifies products that it believes are unmarked patented articles subject to the notice requirements of § 287, the patentee bears the burden of proving

7

that the identified products do not practice the claimed invention." *Arctic Cat*, 950 F.3d at 863 (describing the holding of *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017)).

The reason for that sequencing is practical, and it was explained in the very case Intuitive cites for the burden of proof. Absent identification of specific products, "a patentee ... is left to guess exactly what it must prove up to establish compliance with the marking statute," and its "universe of products for which it would have to establish compliance with, or inapplicability of, the marking statute would be unbounded." *Fortinet*, 2015 WL 5971585, at *5. The court accordingly placed the burden of production on Sophos to identify the Fortinet products it believes practice the inventions claimed, and only then would the burden shift. *Id.*

Measure Intuitive's motion against that standard. Intuitive states that VDPP "sued product manufacturers ... including Acer, Microsoft, and Philips, and then entered into settlement agreements with those companies." Mot. 17. It attaches an order granting a stay pending settlement, a notice of voluntary dismissal, and an order granting a motion to stay. Exs. 7–9. From that, Intuitive asks the Court to conclude that unmarked patented articles exist.

The chain has no links. Intuitive does not name a single product. It does not assert that any product practices any claim of the '444 Patent. It offers no element-by-element comparison, no claim construction, and no expert analysis, the materials

that in *Fortinet* were the minimum needed to carry a burden of *production*, let alone persuasion. And it never states when any such product was made or sold, which matters because only sales during the patents' term could bear on VDPP's recovery here.

That omission is not an oversight, and it is not curable on reply. To identify an unmarked patented article, Intuitive would have to argue affirmatively that a third party's product embodies claims of a patent it describes to this Court as supporting a recovery of "literally zero." Mot. 19. Whatever Intuitive elects to do at summary judgment, it has not done it here. The burden never shifted, and the absence of product identification is a gap in Intuitive's showing rather than a defect in VDPP's pleading.

## C.　　The Settlement Agreements Cannot Support Dismissal Because They Are Not Before the Court and, As Written, License No Product.

Section 287(a) reaches persons "making, offering for sale, or selling within the United States any patented article *for or under*" the patentee. The statutory question is therefore not whether a settlement occurred. It is whether an agreement authorized someone to make or sell an article embodying the invention.

*Amsted* shows what that determination requires. The Federal Circuit held that implied licensees fall within "for or under," but it did so on findings that Amsted manufactured and sold its center plates for use in the patented combination, and that

9

Amsted provided its customers with installation drawings which instruct how to assemble the center plate, along with other components, according to the teachings of the patent. 24 F.3d at 185. There was no dispute that Amsted impliedly authorized its customers to make, use, and sell the patented article. *Id.* A trial produced those facts. Intuitive asks this Court to assume them.

It cannot, because the agreements are not in the record. Not one is attached to the motion. A settlement agreement is a contract, construed on its objective terms within its four corners rather than by reference to what a party might have proved had the litigation continued. *United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971). The Court cannot construe an instrument that no party has produced, and it certainly cannot construe one against the non-movant on a Rule 12 motion.

The agreements that do exist would not carry Intuitive's burden in any event. They contain no identification of any licensed product. They contain no marking covenant. Each records the settling defendant's denial of infringement. An instrument that identifies no article, imposes no marking duty, and memorializes the counterparty's position that it makes nothing covered by the patent does not on its face authorize anyone to make a patented article "for or under" the '444 Patent. Whether it does so as a matter of substance is a question for a record.

VDPP does not contend that a denial-of-infringement recital is alone dispositive, and the Court need not reach that question. The narrower and sufficient

point is that the marking obligation attaches to articles, that no article has been identified, and that the instruments Intuitive invokes are absent from the record.

**D.      Judicial Notice Does Not Supply the Facts Intuitive Needs.**

Intuitive invokes judicial notice of public dockets. Mot. 13, 17 (citing *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 807 (11th Cir. 2009)). Judicial notice permits a court to recognize that a filing exists and says what it says. It does not convert contested assertions inside those filings into established fact, and it does not manufacture facts that appear nowhere in them.

Exhibit 7 establishes that a case was stayed. Exhibit 8 establishes that a case was dismissed. Exhibit 9 establishes that a case was stayed. None of the three establishes that a license exists, what its terms are, that any licensee made or sold anything, that any such thing practiced a claim of the '444 Patent, or when. Those are the facts Intuitive needs, and judicial notice does not reach any of them.

Exhibits 4 and 5 warrant separate mention. They are litigation-count compilations prepared by Intuitive's counsel. They are not court records, they are not self-authenticating, and they are not judicially noticeable for any purpose. They are argument in tabular form.

11

**E.    The Volkswagen Appeal Is Pending and Undecided, and Questions From the Bench Are Not Holdings.**

Intuitive's brief is organized around the *Volkswagen* litigation, and specifically around the contention that the marking theory has "already been adjudicated futile." Mot. 4. That characterization is not accurate.

The *Volkswagen* judgment is on appeal. No. 24-2226 (Fed. Cir.). The appeal was argued April 9, 2026 and remains undecided. A district court decision under review is not an adjudication of anything binding on this Court, which owes it no deference on a different patent, a different accused product, and a different record.

Intuitive nonetheless quotes Chief Judge Moore's questions at that argument three separate times, including in a block quotation offered as though it resolved the issue. Mot. 3, 9, 24. Questions posed from the bench are not law. They are not findings. They are not even the views of the judge who asks them, and a court of appeals with a case under submission has said nothing until it issues a decision. Inviting this Court to anticipate that decision, and to dismiss claims with prejudice on the strength of the anticipation, asks for error.

The question at issue is, moreover, genuinely open. Whether a litigation-ending settlement in which the accused infringer denies infringement triggers the licensee marking obligation of § 287(a) has not been decided by the Supreme Court since *Wine Railway*, and the Federal Circuit's marking decisions, *Maxwell*, *Amsted*,

12

and *Arctic Cat*, all involved express licenses with identified products in commerce. A plaintiff does not fail to state a claim by taking a defensible position on an unresolved question of law.

**F.    The FAC States a Claim for Direct Infringement of the '874 Patent.**

Intuitive concedes that § 287(a) does not apply to the '874 Patent. Mot. 20 n.8. Its argument reduces to the contention that the claim charts attribute performance of the claimed method to surgeons rather than to Intuitive.

The FAC alleges that Intuitive infringed by "making, using, selling, offering to sell, and/or importing" the accused system and that Intuitive "put the claimed method into service and obtained beneficial use from the claimed video-generation and display functions." FAC ¶ 24. Use is an act of direct infringement under § 271(a), and the allegation of Intuitive's own use is not contradicted anywhere in the pleading.

Intuitive's reliance on the rule that an exhibit controls over a conflicting allegation is misplaced. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). That rule operates where the complaint says an exhibit contains something it does not contain. Exhibit D is expressly styled as preliminary exemplary infringement contentions, FAC ¶ 25, based on publicly available information, *id.* ¶ 31. It illustrates how the accused system performs the charted steps. It nowhere states

13

that Intuitive never operates the system, and an exhibit that is silent on a point does not conflict with an allegation about that point.

The documents Intuitive itself submitted reinforce the inference. Exhibit 2 is Intuitive's own *da Vinci Xi Surgical System In-Service Guide: OR Staff*, dated September 2021, within the period the patents were in force. An in-service training program authored by the manufacturer for hospital personnel supports the reasonable inference, at the pleading stage, that the manufacturer's own personnel operate the system in delivering that training, in addition to whatever testing, validation, and field service the manufacture and support of a surgical robot necessarily entail. Drawing that inference in VDPP's favor is what Rule 12 requires.

VDPP acknowledges that its allegations of Intuitive's own use are pleaded generally. If the Court concludes that greater specificity is required, that is a reason to permit amendment, not to dismiss with prejudice a claim on a patent to which no marking requirement applies.

## G.    Any Deficiency Should Be Cured by Amendment.

Leave to amend should be freely given, and denial for futility is appropriate only where the proposed amendment would still be subject to dismissal. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Nothing here approaches that standard.  Moreover, attached as exhibit A to this response is a proposed Amended Complaint addressing each of Defendant's points.

Intuitive's futility argument rests on the premise that no pleading could place accused conduct within the period the patents were in force. Mot. 23. The premise is wrong on Intuitive's own exhibits. The In-Service Guide it attaches as Exhibit 2 is dated September 2021. The video it attaches in screenshot as Exhibit 3 is dated July 31, 2020. Both fall within the period Intuitive itself defines. Whatever else is disputed, the accused product existed and was in commercial use while these patents were in force, and Intuitive proved it.

The single amendment VDPP previously made was undertaken in direct response to a deficiency Intuitive identified in correspondence. A plaintiff that corrects a problem when it is pointed out has demonstrated responsiveness to the Rules, not contempt for them. To the extent the Court identifies further deficiencies, VDPP requests leave to amend to plead Intuitive's own use of the accused system, to allege acts within the operative damages period expressly, and to state its § 287(a) positions in the alternative as Rule 8(d)(2) and (3) permit.

## H.    Section II.D of Intuitive's Brief Should Be Disregarded.

Four pages of Intuitive's brief, Mot. 8–12, and two of its exhibits are devoted to other courts' rulings involving VDPP's counsel, a tally of complaints filed, and the history of a pro hac vice application in this case. Intuitive does not explain how any of it bears on whether the FAC states a claim, because it does not. The sufficiency of a pleading is measured by its allegations.

VDPP will not litigate collateral matters in a Rule 12 response, and its silence on Intuitive's characterizations should not be taken as agreement with them. VDPP respectfully requests that the Court disregard Section II.D and Exhibits 4 and 5 in resolving this motion, and reserves all rights with respect to the assertions made there.

As to the pro hac vice history, VDPP notes only that Mr. Ramey is applying for pro hac vice admission.

## I.     IN THE ALTERNATIVE, VDPP REQUESTS LEAVE TO FILE THE ATTACHED SECOND AMENDED COMPLAINT.

The First Amended Complaint states a claim on both patents and the motion should be denied. If the Court is of a mind to grant the motion in any part, VDPP respectfully requests leave to file the Second Amended Complaint attached to this response as Exhibit 1. Contemporaneously with this response VDPP has filed a motion for leave to file that pleading, together with a proposed order. [D.E. ___.]

Intuitive does not simply ask for dismissal. It asks for dismissal with prejudice on the ground that no amendment could cure the pleading. Mot. 22–25. That is an argument about a document, and the document is now in front of the Court. Futility under *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001), asks whether the proposed pleading would itself be subject to dismissal. The Court need not take that question in the abstract.

16

The attached pleading meets each ground Intuitive raises. It alleges that Intuitive itself performed every step of the '874 method during the period the patents were in force, in producing its own July 31, 2020 product video, in conducting in-service training and demonstrations, in testing and validating each system before shipment and on installation, and in servicing systems in the field, which answers the argument that only surgeons perform the claimed steps. It defines the enforceable period and alleges dated acts within it. It replaces the marking allegations Intuitive parses at pages 17 through 19 with affirmative allegations that VDPP has never made or sold a patented article, that no predecessor-in-interest did, and that VDPP never licensed anyone to make one. And it states expressly that VDPP pleads direct infringement only, dropping the indirect and willfulness theories Intuitive addresses at page 22 along with the conditional prayer language Intuitive quotes.

Nothing about that amendment prejudices Intuitive. No answer has been filed, no discovery has been taken, and no deadline moves. Leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV.  CONCLUSION

Intuitive has not identified an unmarked patented article, has not put a single settlement agreement before the Court, and has not confronted the passage of its own lead authority holding that a patentee with nothing to mark recovers without notice.

17

It concedes that § 287(a) does not touch the '874 Patent. Its own exhibits place the accused product in commercial use while the patents were in force. For the foregoing reasons, VDPP respectfully requests that the Court deny Intuitive's motion to dismiss. In the alternative, VDPP requests leave to amend.  In the alternative, if the Court is of a mind to grant the motion in any part, VDPP requests that the Court grant VDPP leave to file the Second Amended Complaint attached as Exhibit 1 and deny the motion as moot. VDPP further requests that any dismissal be without prejudice.

DATED: _August 3, 2026

Respectfully submitted,

/s/ *Andre R. Belanger*
Andre R. Belanger (Ga. Bar No. 216527)
GO BIG INJURY LAW
1 Glenlake Parkway NE, Suite 650
Sandy Springs, GA 30328
T: 1-800-777-7777
E: andre.belanger@poulinwilley.com

*Attorneys for Plaintiff VDPP, LLC*

18

## CERTIFICATE OF COMPLIANCE

Pursuant to N.D. Ga. Local Rule 7.1(D), I hereby certify that the foregoing document

complies with the font and point selections approved by N.D. Ga. Local Rule 5.1(C).

The foregoing document was prepared using Times New Roman font in 14 point.

/s/ Andre R. Belanger

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a copy of the foregoing was served

on all counsel of record via the Court's CM/ECF system.


/s/ Andre R. Belanger

20