IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VDPP, LLC,
         Plaintiff,

v.

INTUITIVE SURGICAL, INC.,
         Defendant.

Civil Action No. 1:26-cv-00903-MHC

JURY TRIAL DEMANDED

---

**PLAINTIFF VDPP, LLC'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

---

Plaintiff VDPP, LLC moves under Federal Rule of Civil Procedure 15(a)(2) for leave to file the Second Amended Complaint attached as Exhibit 1. A proposed order is submitted with this motion.

VDPP files this motion together with its response in opposition to Intuitive's motion to dismiss [D.E. 18]. VDPP's position remains that the First Amended Complaint states a claim on both patents and that the motion to dismiss should be denied. This motion is presented in the alternative. Intuitive asks the Court to dismiss with prejudice on the ground that no amendment could cure the pleading. The attached Second Amended Complaint is the answer to that argument. It is before the Court so that, if the Court disagrees with VDPP on any point in the motion to

dismiss, the Court can see exactly what the cured pleading looks like rather than assess futility in the abstract.

## I.  BACKGROUND

VDPP filed this action on February 16, 2026. [D.E. 1.] VDPP filed its First Amended Complaint on May 20, 2026, before Intuitive had filed any motion under Rule 12. [D.E. 12.] Intuitive filed the pending motion to dismiss on July 20, 2026. [D.E. 18.] No answer has been filed. No scheduling order has issued, no discovery has been served, and no trial date has been set.

## II.  LEGAL STANDARD

Rule 15(a)(2) directs that the Court "should freely give leave when justice so requires." The Supreme Court has instructed that leave should be granted absent a substantial reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Intuitive invokes the futility factor. Mot. 22–23. Futility means that the amended pleading would still be subject to dismissal. *Id.*

## III.  ARGUMENT

### A. The proposed amendment is not futile. It addresses each defect Intuitive identifies.

Intuitive's brief identifies four defects. The Second Amended Complaint addresses each on the face of the pleading.

First, the actor performing the '874 method. Intuitive argues that VDPP's chart places every claimed step in the operating room, performed by surgeons rather than by Intuitive, so that no direct infringement of a method claim is alleged. Mot. 20–22. Paragraphs 19 through 23 and 33 through 37 of the Second Amended Complaint allege that Intuitive itself performed each step of claim 1 during the period the patents were in force: in producing its own product video published July 31, 2020; in conducting in-service training and demonstrations; in testing and validating each system's video and display subsystems before shipment and on installation; and in installing, calibrating, and servicing systems in the field. Two of those allegations are anchored to dated Intuitive publications that Intuitive placed in this record as its own Exhibits 2 and 3. Intuitive may contest those allegations on the merits. It cannot say the pleading fails to identify an actor.

Second, the timing of the accused conduct. Intuitive argues that the First Amended Complaint pleads no facts placing any accused act within the period the patents were enforceable. Mot. 6. Paragraph 10 of the Second Amended Complaint

defines that period, and paragraphs 19 through 23 and 34 through 37 allege dated acts within it. Paragraphs 56 and 57 limit the damages claim to that period expressly.

Third, marking under § 287(a). Intuitive's argument depends on inferences drawn from the phrasing of paragraphs 33 through 38 of the First Amended Complaint. Mot. 17–19. Those paragraphs do not appear in the Second Amended Complaint. In their place, paragraphs 49 through 55 allege affirmatively that VDPP has never made, used, offered to sell, sold, or imported any article embodying any claim of either patent; that no predecessor-in-interest did so; that VDPP has never licensed anyone to make, offer, or sell a patented article for or under either patent; and that no settlement granted any settling party such a right. Those are factual allegations, and at this stage they are taken as true.

Fourth, indirect infringement and willfulness. Intuitive argues that VDPP cannot plead the pre-suit knowledge those theories require. Mot. 22. VDPP agrees. Paragraph 47 of the Second Amended Complaint states that VDPP pleads direct infringement under § 271(a) only and pleads no claim under § 271(b) or § 271(c) and no claim for willful infringement. The conditional willfulness request in the prayer, which Intuitive quotes twice, has been removed along with the theory.

### B. There has been no undue delay, bad faith, or dilatory motive.

VDPP files this motion on the date its response to the motion to dismiss is due, fourteen days after that motion was served. The case remains at the pleading

stage. Nothing about the timing of this motion suggests delay for its own sake, and Intuitive identifies no advantage VDPP gains from it.

### C.  Intuitive is not prejudiced.

Intuitive has not answered. No discovery has been taken. No deadline will move. Responding to the Second Amended Complaint asks nothing of Intuitive that responding to a pleading in this case does not already ask. Prejudice under Rule 15 means something more than having to meet a better-pleaded claim.

### D.  No prior amendment in this case has been allowed or adjudicated.

Intuitive emphasizes that VDPP has amended once already. Mot. 22–23. That is accurate and it is beside the point of the factor Intuitive invokes. The *Foman* factor is repeated failure to cure deficiencies by amendments previously *allowed*. The First Amended Complaint was filed as a matter of course under Rule 15(a)(1), before Intuitive filed any Rule 12 motion and before this Court had identified any deficiency in any pleading. No court in this case has ruled on the sufficiency of any complaint. This is the first amendment VDPP has proposed with a filed motion to dismiss in front of it, and the first opportunity VDPP has had to plead against articulated Rule 12 grounds rather than anticipate them.

Intuitive also points to the outcome in the *Volkswagen* litigation. Mot. 22–24. Whatever weight that history carries on the merits of the motion to dismiss, it does

not convert this pleading into a futile one. Futility is measured against the proposed pleading. The Second Amended Complaint is attached, and the Court can measure it directly.

## IV.  CONCLUSION

VDPP respectfully requests that the Court grant leave to file the Second Amended Complaint attached as Exhibit 1, direct the Clerk to docket it, and deny the pending motion to dismiss as moot.

DATED: August _3, 2026

Respectfully submitted,

/s/ Andre R. Belanger
Andre R. Belanger (Ga. Bar No. 216527)
GO BIG INJURY LAW
1 Glenlake Parkway NE, Suite 650
Sandy Springs, GA 30328
T: 1-800-777-7777
E: andre.belanger@poulinwilley.com

*Attorneys for Plaintiff VDPP, LLC*

## CERTIFICATE OF COMPLIANCE

Pursuant to N.D. Ga. Local Rule 7.1(D), I certify that the foregoing was prepared in Times New Roman 14-point type, one of the font and point selections approved by N.D. Ga. Local Rule 5.1(C).

/s/ Andre R. Belanger
Andre R. Belanger

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, I served the foregoing on all counsel of record who have appeared in this action by filing it through the Court's CM/ECF system.

/s/ Andre R. Belanger
Andre R. Belanger